UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD FRIEND,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No.  24-cv-03571-SVK<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 41 |

　　　　Self-represented Plaintiff Donald Friend commenced this action to recover from Defendant Google LLC ("Google") for allegedly permitting fraudulent business listings to persist on its platform, thereby stifling a contractual arrangement between Plaintiff and non-party Dumpsters Direct LLC ("DD"). *See* Third Amended Complaint (the "TAC") at Dkt. 24-1.  The Court dismissed the TAC without leave to amend and entered judgment because Plaintiff lacked prudential standing and Article III standing, and he could not correct those deficiencies in an amended pleading without fundamentally changing his allegations.  *See* Dkts. 39 (the "Prior Order"), 40.[1]  Plaintiff now moves to alter or amend judgment on the basis that the Court erred in dismissing his claims without leave to amend.  *See* Dkt. 41 (the "Motion").  The Court disagrees with Plaintiff and **DENIES** the Motion.[2]

///

///

---

[1] The Court assumes familiarity with the allegations of the TAC and the Court's reasoning in the Prior Order.

[2] Plaintiff and Google have consented to the jurisdiction of a magistrate judge, and the Court has determined that the Motion is suitable for resolution without oral argument.  *See* Dkts. 6, 9; Civil Local Rule 7-1(b).

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may request that a court "alter or amend a judgment." In general, the Court may grant a Rule 59(e) motion under four circumstances:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). The motion does not serve as an excuse for a party "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Ultimately, granting the motion "is an extraordinary remedy which should be used sparingly," and "the district court enjoys considerable discretion in granting or denying the motion." *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (citation omitted).

## II. DISCUSSION

Broadly speaking, Plaintiff asserts four justifications for granting the Motion, all of which the Court rejects.

### A. Justification One: Procedural Posture, Novelty And Stakes

Plaintiff's first justification concerns three general reasons for granting the Motion: (1) the Court dismissed the action "at the pleading stage before discovery"; (2) it did so based on "novel standing issues"; and (3) this case present "significant" stakes because "[d]ismissal without leave to amend effectively immunizes [Google] from accountability for fraudulent listings that harm contractors like Plaintiff." *See* Motion at 2-3. None of these reasons compels granting the Motion.

***First***, courts routinely dismiss cases at the pleading stage.

***Second***, there is nothing novel about dismissing a case where a plaintiff lacks: (1) prudential standing as one who suffered an indirect injury; or (2) Article III standing as one whose

injury was not caused by the defendant. Plaintiff also does not explain why he believes the standing issues here are novel.

***Third***, the Prior Order does not insulate Google from liability for allegedly fraudulent listings. Rather, the Court merely held that <u>Plaintiff</u> is not the right plaintiff to pursue that potential liability. Nothing in the Prior Order would prevent an appropriately situated plaintiff from bringing claims against Google for the same alleged conduct.

### B.     Justification Two: Clear Errors Of Law And Fact

Plaintiff next argues that four errors of law and fact infect the prudential-standing analysis in the Prior Order, but the Court again disagrees.

***First***, Plaintiff argues that the Court improperly characterized him as an investor in DD even though he was actually a creditor. *See id.* at 3-4. Setting aside that Plaintiff expressly refers to himself as an "investor" in the TAC and not as a creditor (*see* TAC ¶ 5), its decision to dismiss the case stands regardless of whether Plaintiff is properly characterized as an investor or a creditor. Under Plaintiff's allegations, "his injury occurs <u>as a result</u> of the injury to DD, and therefore necessarily depends on the commission of a prior injury to DD," thereby rendering his claims derivative and depriving him of prudential standing. *See* Prior Order at 6. That conclusion follows even if Plaintiff was a creditor of DD. Confusingly, Plaintiff also describes himself as an independent contractor of DD in the same section of the Motion in which he asserts that he is a creditor. *See* Motion at 4. In his view, this contractor relationship demonstrates that any harms to him allegedly caused by Google "are *not* dependent on DD's overall profitability or financial health." *See id.* The Court already rejected this argument in the Prior Order, and its reasoning applies even if Plaintiff is properly characterized as an independent contractor. *See* Prior Order at 6.

***Second***, Plaintiff argues that the Court misapplied Delaware law regarding whether a claim is direct or derivative:

> In *NAF Holdings, LLC v. Li & Fung (Trading) Ltd.*, 118 A.3d 175, 179-80 (Del. 2015), the Delaware Supreme Court held that "Delaware courts have long recognized that a plaintiff may properly bring a direct claim if the Plaintiff has a contract right that exists independently of any right of the corporation." This

3

> principle applies squarely to Plaintiff's situation. His right to payment under the Customer Acquisition Agreement is independent of any right held by DD.

*See* Motion at 4. As an initial matter, Plaintiff's purported quote does not appear in *NAF*. *See* Section III, *infra*. Plaintiff also misunderstands *NAF*. There, the Supreme Court of Delaware held "that a suit by a party to a commercial contract to enforce its own contractual rights is not a derivative action under Delaware law." *See NAF*, 118 A.3d at 182. Here, however, Plaintiff does not sue to enforce his rights under any contract. He does sue Google for breach of contract but in connection with a contract between DD and Google and not one to which he is a party. *See* TAC ¶¶ 69-74. And while Plaintiff is a party to a contract with DD, he does not sue for breach of that contract. Thus, *NAF* does not assist Plaintiff here.

**Third**, Plaintiff argues that the Court improperly "introduce[d] a temporal element" to the derivative analysis and that the correct inquiry "is whether the plaintiff can prevail without showing an injury to the corporation." *See* Motion at 4-5 (quotation marks and citation omitted). The Court's analysis in the Prior Order satisfies that standard, as the Court concluded that, based on Plaintiff's allegations, his injury "depends on the commission of an injury to DD." *See* Prior Order at 6. Yes, there is a "temporal element" in that Plaintiff's injury occurs only after DD suffers an injury, but the fact that DD's injury occurs first does not change the determination that Plaintiff's injury does not exist without a corresponding injury to DD.

**Fourth**, Plaintiff argues that, under Ninth Circuit law, "a party to a contract has standing to sue for its breach, even if a company with which the plaintiff has a relationship is also harmed." *See* Motion at 4-5; *see also* Section III, *infra* (questioning veracity of Plaintiff's citations to Ninth Circuit authority). Again, however, Plaintiff does not sue Google for breach of any contract to which he is a party.

///
///
///
///
///

4

### C. Justification Three: Inconsistencies Between The Prior Order And Google's Allegations Elsewhere

In his third justification, Plaintiff argues that the Court must reverse its Article III standing analysis, which it based on Plaintiff's speculative allegations of causation, because its conclusion "is fundamentally undermined by [Google's] own allegations in a nearly identical case." *See id.* at 6-10. The Court need not resolve this argument because even if it agreed with Plaintiff, it would not amend or alter the judgment—the Court dismissed this action without leave to amend because Plaintiff lacked prudential standing, and a determination that the Court erred in its Article III standing analysis would not change that result. *See* Prior Order at 8 ("While Plaintiff could provide more allegations in an amended pleading to plausibly tie his injury to Google's fraudulent business listings, no allegations could change the conclusion that the injury is impermissibly derivative.").

### D. Justification Four: Implicit Error In Denying Leave To Amend

Finally, Plaintiff argues that the Court erred in denying leave to amend because, as illustrated by the arguments addressed above, it erred in its analysis of prudential standing and Article III standing. *See* Motion at 10-13. The Court has already rejected the arguments underlying this justification and accordingly rejects this justification. Plaintiff also argues that the Court should allow him leave to amend because "denial of leave to amend works particular hardship here," but his arguments on this point merely rehash arguments rejected above in the Court's discussion of the first and third justifications. *See id.* at 13.

## III. ADMONISHMENT ON PLAINTIFF'S TRUTHFULNESS

In at least five instances throughout the Motion, Plaintiff appears to have fabricated quotes from his cited authorities (either on his own or with the assistance of technology):

- On page 3 of the Motion, he cites to *Broam v. Bogan*, 320 F.3d 1023 (9th Cir. 2003), as an example of a case where the Ninth Circuit reversed a district court's denial of a Rule 59(e) motion in light of "the importance of the issues at stake." The cited language does not appear in *Broam*.

- On page 3 of the Motion, he cites to "*United States v. NH, Inc.*, 124 F.3d 1198 (9th Cir. 1997)," as an example of a case where the Ninth Circuit reversed a district court's

5

dismissal of a case because the dismissal created "perverse incentives." However, the citation "124 F.3d 1198" leads to the middle of a different decision, *United States v. Rockwell International Corporation*, 124 F.3d 1194 (10th Cir. 1997). Plaintiff's cited language does not appear in *Rockwell*, that decision was issued by the Tenth Circuit, not the Ninth Circuit, and the defendant in that case was not "NH, Inc."

- On page 4 of the Motion, Plaintiff cites to *NAF* for the proposition that "Delaware courts have long recognized that a plaintiff may properly bring a direct claim if the Plaintiff has a contract right that exists independently of any right of the corporation." The cited language does not appear in *NAF*.

- On page 5 of the Motion, Plaintiff cites to *Shell Petroleum, N.V. v. Graves*, 709 F.2d 593 (9th Cir. 1983), for the proposition that a plaintiff may pursue a direct action if their injury does not "derive[] from harm to" a third party. The cited language does not appear in *Graves*.

- On page 5 of the Motion, Plaintiff cites to *Pareto v. FDIC*, 139 F.3d 696 (9th Cir. 1998), as an example of a case where the Ninth Circuit held that a plaintiff had standing because he experienced "an injury . . . distinct from any the corporation itself may have suffered." The cited language does not appear in *Pareto*.

In light of these apparent fabrications, the Court **STRONGLY ADMONISHES** Plaintiff, reminding him of his obligation to provide truthful submissions to the Court. "[A]ll parties, including those appearing *pro se*, must act truthfully before the Court, and the Court does not tolerate fabrications of authority or dishonest behavior." *Greene v. Discover Bank*, No. 23-cv-04825-SVK, 2024WL 85872, at *2 n.1 (N.D. Cal. Jan. 8, 2024) (emphasis added). The Court also directs Plaintiff to Civil Local Rules 3-9(a) and 11-4(a)(4), which together obligate Plaintiff to "[p]ractice [before this Court] with the honesty, care, and decorum required for the fair and efficient administration of justice."

///

///

///

IV. **CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Motion.

**SO ORDERED.**

Dated: March 3, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge